IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SARAH JOHNSON <br> c/o Forester Haynie <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> *On Behalf of Herself and all Others Similarly Situated,* <br><br> *Plaintiff,* <br><br> v. <br><br> NORTH TEXAS DANCERS, LLC <br> d/b/a BOMBSHELLS' TOPLESS <br> 411 N Scott Avenue <br> Wichita Falls, Texas 76306 <br><br> SERVE: David A. Brooks <br> 3515 Kessler Boulevard <br> Wichita Falls, Texas <br><br> *Defendant.* | Case No.: 7:20-cv-116 <br><br> Collective Action <br> **COMPLAINT** |

## COLLECTIVE ACTION COMPLAINT

COMES NOW, Sarah Johnson ("Named Plaintiff"), on behalf of herself and all others similarly situated, opt-in Plaintiffs (collectively "Plaintiffs"), by and through undersigned counsel, hereby sets forth this collective action Complaint against Defendant North Texas Dancers, LLC d/b/a Bombshells' Topless, a strip club located in Wichita Falls, Texas ("Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. This action is brought individually and as a collective action seeking unpaid minimum wages, unpaid overtime compensation, back-pay, restitution, liquidated damages,

reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Defendant had a systemic company-wide policy, pattern, or practice of misclassifying exotic dancer employees as "independent contractors."

3. Defendant's pay practices and policies were in direct violation of the FLSA. Accordingly, Plaintiff seeks unpaid minimum wage compensation, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

4. As a result of this policy, pattern, or practice of misclassification, Defendant is legally responsible and now liable for failing to pay Plaintiff under the Federal Fair Labor Standards Act ("FLSA").

5. Named Plaintiff brings this action as a collective action against Defendant seeking back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

7. The Wichita Falls Division of the United States District Court for the Northern District of Texas has personal jurisdiction because Defendant conducted business as the Bombshells' Topless strip club in the City of Wichita Falls, Texas, which is located within this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducted business as the Bombshells' Topless strip club within the Northern District

of Texas, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

9. All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

**PARTIES**

10. Named Plaintiff is an adult resident of Henrietta, Texas.

11. By acting as the named plaintiff in this action, Named Plaintiff hereby affirms her consent in writing to participate as a plaintiff in an FLSA collective action.

12. Named Plaintiff was employed by Defendant as an exotic dancer at Defendant's Bombshells' Topless strip club located in Wichita Falls, Texas.

13. The FLSA collective action Opt-In and Putative Plaintiffs consist of individuals who did work or have worked for Defendant at the Bombshells' Topless in Wichita Falls, Texas, who were classified as independent contractors, and who were suffered or permitted to work by Defendant, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

14. Defendant is a limited liability company formed under the laws of the State of Texas and operates as a strip club featuring female exotic dancers.

15. For the entire period relevant to this action, Defendant has operated as the Bombshells' Topless strip club in Wichita Falls, Texas.

**COVERAGE**

16. At all times material to this action, Defendant acted and otherwise qualified as Plaintiffs' employer under the FLSA.

17. At all times material to this action, Plaintiffs were individual employees of each of

the Defendant within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

18. At all times material to this action, Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

19. At all relevant times, Defendant operated the Bombshells' Topless strip club in Wichita Falls, Texas, a strip club featuring female exotic dancers.

20. At all relevant times, Plaintiffs were employed by Defendant as exotic dancers at Defendant's Bombshells' Topless strip club in Wichita Falls, Texas.

21. At all relevant times, Plaintiffs were also employed and otherwise directed by Defendant to performed as exotic dancers at Defendant's after-hours strip club on the same property called "The Alibi" and/or "Vudu Lounge.

22. During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

23. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

24. Named Plaintiff was employed by Defendant as an exotic dancer at Defendant's Bombshells' Topless strip club in Wichita Falls, Texas, for the period of about May 2014 through about March 2020.

25. During the period of about October 2017 through March 2020, Defendant also employed Named Plaintiff to perform exotic dancer work duties at an after-hours strip club on

4

the same property called "The Alibi" and/or "Vudu Lounge.

26. During the period of Named Plaintiff's employment, the exact number of hours Named Plaintiff worked varied from week to week.

27. During the period of Named Plaintiff's employment, Defendant customarily employed Plaintiff to work about four (4) shifts per week at Defendant's Bombshells' Topless strip club and another two (2) shifts per week at Defendant's Alibi / Vudu Lounge.

28. During the period of Named Plaintiff's employment, in total, Defendant employed Plaintiff to work an average of about forty (40) hours per week.

29. Defendant has possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiffs.

30. Agents on behalf of Defendant had actual knowledge of all hours Plaintiffs worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties.

31. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs any wages for hours that Plaintiffs worked each week.

32. Defendant totally failed to pay wages or any kind of compensation to Plaintiffs for work duties performed at Defendant's Bombshells' Topless strip club and/or Defendant's Alibi and/or Vudu Lounge after-hours club.

**MISCLASSIFICATION AS INDEPENDENT CONTRACTORS**

33. Defendant misclassified Plaintiffs as independent contractors when Plaintiffs should have been classified under the FLSA as employees.

34. Defendant controlled all aspects of the job duties Plaintiffs performed inside the Bombshells' Topless and Alibi and/or Vudu Lounge after-hours club through employment rules

5

and workplace policies.

35. Defendant controlled the method by which Plaintiffs could earn money at the Bombshells' Topless strip club and/or Defendant's Alibi and/or Vudu Lounge after-hours club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

36. Defendant required Plaintiffs to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

37. Defendant hired Plaintiffs and had the ability to discipline, fine, fire, and adjust Plaintiffs' work schedules.

38. Defendant, through supervisors and managers, supervised the duties of Plaintiffs to make sure Plaintiffs' job performance was of sufficient quality.

39. Defendant conducted initial interviews and vetting procedures for Plaintiffs, and, at Defendant' sole discretion, Defendant' management and/or ownership could deny Plaintiffs access or ability to dance and/or work at Defendant's Bombshells' Topless strip club and/or Defendant's Alibi and/or Vudu Lounge after-hours club.

40. Defendant had the right to suspend or send Plaintiffs home and away from the Bombshells' Topless strip club and/or Defendant's Alibi and/or Vudu Lounge after-hours club if Plaintiffs or any other violated rules or policies or if the club's ownership or management, at its discretion, did not want Plaintiffs to work at the club.

41. Plaintiffs were not required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendant.

42. In addition to failing to pay Plaintiffs wages for hours worked, Defendant required Plaintiffs to pay the Defendant or its ownership or management a house fee or kickback that ranged

from $20.00-$50.00 or more for each shift Plaintiffs worked.

43. Without justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs received from customers.

44. At all times relevant to this action, Defendant and club ownership and management had actual knowledge that Plaintiffs were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

45. At all times relevant to this action, Defendant, including management and ownership, had actual knowledge the club misclassified Plaintiffs as independent contractors, failed to pay them wages as required under the FLSA, unlawfully withheld or assigned tips Plaintiffs received from customers, and unlawfully charged Plaintiffs kickbacks, fines, and surcharges during their employment period.

46. Defendant have willfully violated the statutory rights of Plaintiffs under the FLSA, resulting in damages to Plaintiffs in the form of unpaid straight-time wages and unpaid overtime wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

47. Named Plaintiff brings Count One of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

48. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who have worked for Defendant at its Bombshells' Topless strip club and/or Defendant's Alibi and/or Vudu Lounge after-hours club at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who signed an agreement to provide exotic dancing services to Defendant, and performed such services, pursuant to that agreement, as independent contractors, and who have not been paid minimum wage compensation.

7

49. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

50. Named Plaintiff requests that she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

**CAUSE OF ACTION**
Violation of the Fair Labor Standards Act
29 U.S.C. §§ 203(m), 206
(Unlawful Tip Deductions and Failure to Pay Minimum Wage)
(On Behalf of Named, Opt-In, and Putative Plaintiffs)

51. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

52. Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

53. The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

54. In order to lawfully utilize the tip credit allowance, the FLSA, 29 U.S.C. § 203(m), requires in part that "all tips received by [each] employee [be] retained by the employee."

55. The FLSA prohibits a taking or assignment by Defendant or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

56. As set forth above, Defendant failed to pay Named Plaintiff and other similarly

situated individuals minimum wage compensation as required by the FLSA.

57. As set forth above, Defendant unlawfully kept and/or assigned tips and gratuities Plaintiffs and other similarly situated individuals received from customers.

58. Without the benefits of the tip credit provision, Defendant must pay Plaintiffs a free and clear hourly rate the statutory minimum wage of $7.25 per hour for all hours worked, without any credit for the tips received by Plaintiffs.

59. As set forth above, Defendant willfully failed to pay Plaintiffs the statutory minimum wage rate by misclassifying them as independent contractors.

60. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

61. Similarly, for the reasons stated above, Defendant cannot affirmatively defend its failure to pay the appropriate minimum wage rate as having been done in good faith, entitling Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b).

62. As such, Plaintiffs seek to recover from Defendant the following damages:
   a. Minimum wages due;
   b. Liquidated damages in an equal amount;
   c. Reasonable attorneys' fees and costs; and
   d. All other legal and equitable relief as the Court deems just and proper.

**RELIEF SOUGHT**

WHEREFORE, Named Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as a representative of all those similarly situated under the FLSA collective action;

2. Award Named Plaintiff and all those similarly situated actual damages for all free and clear unpaid minimum wage compensation and misappropriated or assigned wages and/or gratuities found due to Named Plaintiff and those similarly situated, and liquidated damages equal in amount, pursuant to the FLSA, 29 U.S.C. § 216(b);

3. Award Named Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate, pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Named Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements pursuant to the FLSA, 29 U.S.C. § 216(b); and

5. Award Named Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this, September 8, 2020.

/s/ Meredith Mathews
**Meredith Mathews**
Texas Bar No. 24055180
**J. Forester**
Texas Bar No. 24087532
400 N St Paul St, Ste 700
Dallas, TX 75201
(214) 210-2100 phone
(214) 346-5909 fax
mmathews@foresterhaynie.com
jay@foresterhaynie.com

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Maryland
Fed Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Attorneys for Named Plaintiff
and the Collective*